UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN BACHHUBER, on behalf of himself and all others similarly situated, | Case No. 3:24-cv-00907-wmc-amb |
| Plaintiff, | |
| v. | |
| ALPINE FUNDING PARTNERS, LLC, | |
| Defendant. | |

**PLAINTIFF'S MOTION TO EXTEND CLASS CERTIFICATION BRIEFING PENDING RULING ON MOTION TO COMPEL**

Plaintiff Kevin Bachhuber ("Plaintiff"), by and through undersigned counsel, respectfully moves the Court to extend the deadline for Plaintiff's class certification motion and all related deadlines until 21 days after the Court issues its ruling on Plaintiff's pending Motion to Compel. In support, Plaintiff states as follows:

1. On March 25, 2025, the Court entered the Preliminary Pretrial Conference Order establishing the following schedule:

| **Event** | **Deadline** |
|---|---|
| Class Certification – Plaintiff's Motion & Expert Disclosures | September 12, 2025 |
| Class Certification – Defendant's Opposition & Expert Disclosures | October 31, 2025 |
| Class Certification – Plaintiff's Reply | December 19, 2025 |
| Daubert Motions (Class Experts) | December 19, 2025 (Responses: Jan. 16, 2026; Replies: Jan. 30, 2026) |
| Dispositive Motions | June 30, 2026 |
| Discovery Cutoff | November 6, 2026 |

1

| Event | Deadline |
|---|---|
| Rule 26(a)(3) Disclosures & Motions in Limine | November 20, 2026 (Objections: Dec. 11, 2026) |
| Final Pretrial Conferences | December 29, 2026 (2:30 p.m.) & January 5, 2027 (2:30 p.m.) |
| Trial (Jury) | January 11, 2027 (estimated 5–7 days) |

2. Plaintiff has diligently pursued discovery in this matter. Promptly after the Rule 26(f) conference, Plaintiff served written discovery requests directed at class and merits issues. Since then, Plaintiff has consistently engaged in the meet-and-confer process under Rule 37 in an effort to resolve discovery disputes without burdening the Court. Plaintiff has worked to narrow disputes and reach agreement wherever possible—both with respect to its own requests to Defendant and in responding to Defendant's discovery requests. While the parties have been able to resolve some issues through these efforts, others remain at an impasse and are the subject of the pending motions to compel.

3. On August 26, 2025, Plaintiff filed a Motion to Compel seeking production of outbound call and text detail records (Request for Production No. 16) necessary to identify putative class members and establish Rule 23 requirements.

4. Defendant filed its opposition on September 2, 2025, asserting burden and proportionality objections.[1]

5. The records sought through the Motion to Compel are critical to class certification. They are the only means by which Plaintiff can establish numerosity, commonality, typicality, predominance, and classwide damages. See, e.g., *Cahill v. GC Servs. Ltd. P'ship*, 2018 WL 1791910, at *4 (S.D. Cal. Apr. 16, 2018) (lists of recipients are "crucial" to numerosity and

---

[1] Defendant's opposition raises several issues for the first time and mischaracterizes others. Accordingly, Plaintiff will, by separate motion, seek leave to file a short reply directed solely at these new arguments.

commonality); *Mbazomo v. ETourandTravel, Inc.*, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (call data relevant to numerosity and commonality); *Whiteamire Clinic, P.A. v. Quill Corp.*, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013); *Central Alarm Signal, Inc. v. Bus. Fin. Servs., Inc.*, 2016 WL 3595627, at *2 (E.D. Mich. July 5, 2016).

UNCHECKED:

6. Courts consistently hold that TCPA call and text records are indispensable to Rule 23 showings and routinely compel their production. See, e.g., *Fralish v. Digital Media Sols., Inc.*, 2021 WL 5370104, at *9–10 (N.D. Ind. Nov. 17, 2021); *Frey v. Frontier Utils. Ne. LLC*, 2020 U.S. Dist. LEXIS 260620, at *5–6 (E.D. Pa. Apr. 13, 2020).

7. Without this discovery, Plaintiff cannot reasonably be expected to fully develop and meet the requirements of Rule 23. Forcing class certification briefing on an incomplete record would unfairly prejudice Plaintiff. A brief extension tied to the Court's ruling on the Motion to Compel will ensure that class certification is presented on a complete and accurate record.

8. Plaintiff requests that only the deadlines associated with class certification briefing be stayed pending the Court's ruling on the Motion to Compel. Plaintiff proposes a reasonable extension of 21 days from the date of the Court's ruling for the filing of Plaintiff's class certification motion, with all subsequent related deadlines extended by the same period. Specifically, Plaintiff requests that the following deadlines be adjusted as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Class Certification – Plaintiff's Motion & Expert Disclosures | September 12, 2025 | 21 days after Court's ruling on Motion to Compel |
| Class Certification – Defendant's Opposition & Expert Disclosures | October 31, 2025 | 21 days after Plaintiff's extended deadline |
| Class Certification – Plaintiff's Reply | December 19, 2025 | 21 days after Defendant's extended deadline |
| Daubert Motions (Class Experts) | December 19, 2025 | 21 days after Plaintiff's extended reply deadline |

3

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Responses to Daubert Motions | January 16, 2026 | Adjusted by 21 days |
| Replies on Daubert Motions | January 30, 2026 | Adjusted by 21 days |

9. All other dates in the Court's scheduling order would remain unchanged, and the requested extension would not affect the close of fact discovery, summary judgment deadlines, or the scheduled trial date.

10. On September 9, 2025, the parties held another Rule 37 conference to address outstanding discovery issues, including the September 12, 2025 class certification deadline. Plaintiff's counsel explained that a ruling on the pending motion to compel class discovery is necessary for, and will directly impact, class certification briefing. Despite Plaintiff's good faith efforts to resolve these issues and reach agreement on staying the class certification deadline, no resolution was reached.

11. Following the Parties' Rule 37 meet and confer, Defendant indicated it opposes the relief requested herein, but has offered no explanation why Plaintiff should be required to file a class certification motion without the discovery necessary to do so.

## MEET AND CONFER STATEMENT

Pursuant to Fed. R. Civ. P. 37(a)(1) and W.D. Wis. Local Rule 37, undersigned counsel certifies that Plaintiff conferred in good faith with Defendant's counsel regarding this dispute in May, June, and again on September 9, 2025. The parties resolved some issues but not this one, and the dispute remains at an impasse.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

1. Staying only the deadlines associated with class certification briefing pending the Court's ruling on Plaintiff's Motion to Compel;

2. Extending Plaintiff's deadline to file his motion for class certification and expert disclosures to 21 days after the Court issues its ruling on the Motion to Compel, with Defendant's opposition, Plaintiff's reply, and all related Daubert deadlines likewise extended by 21 days; and

3. Granting such other and further relief as the Court deems just and proper.

Date: September 10, 2025

                                              Respectfully submitted,

/s/ Cassandra P. Miller
Cassandra P. Miller (*pro hac vice*)
Alex Phillips
Samuel J. Strauss (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
cmiller@straussborrelli.com

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
T: (617) 485-0018 F: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff and Proposed Class*

## **CERTIFICATE OF SERVICE**

  I, Cassandra Miller, hereby certify that on September 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record via the ECF system.

  DATED this 10th day of September, 2025.

            By: */s/ Cassandra Miller*
            Cassandra Miller
            cmiller@straussborrelli.com
            **STRAUSS BORRELLI PLLC**
            One Magnificent Mile
            980 N Michigan Avenue, Suite 1610
            Chicago IL, 60611
            Telephone: (872) 263-1100
            Facsimile: (872) 263-1109