— **EXHIBIT A** —

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEVIN BACHHUBER, on behalf of himself     Case No. 3:24-cv-00907-wmc-amb
and others similarly situated,

        Plaintiff,

   v.

ALPINE FUNDING PARTNERS, LLC,

        Defendant.

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Kevin Bachhuber hereby submits this Reply in Support of Plaintiff's Motion to Compel. *See* Dkt. 29. Defendant's Brief in Opposition and Declaration of Michael Fountain both raise new arguments and factual assertions (Dkt. 30–31) and Plaintiff replies as follows:

1.    **Plaintiff's Motion Is Not Premature**: Defendant's opposition argues that Plaintiff's request for outbound call and text records is premature "class" discovery. This Court already rejected bifurcation in its Preliminary Pretrial Conference Order (Dkt. 15) and directed that merits and class discovery proceed together. Defendant's attempt to relitigate bifurcation under the guise of proportionality should be rejected.

2.    **Outbound Call and Text Records Are the Only Evidence That Can Establish Rule 23 Requirements**: Defendant suggests Plaintiff can rely on interrogatories or summaries. That is incorrect. Courts consistently hold that call and text detail records are indispensable because they, *inter alia*:

      a.    show the number of unique recipients contacted (numerosity);

1

  b.  demonstrate whether the same dialing/texting practices applied to all recipients (commonality); and

  c.  establish the extent of violations and whether common issues predominate over individualized ones (predominance).

In TCPA cases like this, call and text records are the only reliable form of evidence that can sufficiently establish numerosity, commonality, predominance, and damages. Without production of such records, Plaintiff cannot test Defendant's assertions, nor can the Court meaningfully evaluate Rule 23.

  3.  **Defendant's Burden Argument Is Unsupported**: Defendant's claim that producing records would require approximately 700,000 hours of manual review is not sufficiently supported by specifics. Mr. Fountain's declaration does not explain why ordinary database queries or reporting functions cannot extract responsive records efficiently.

  4.  Since May 2025, Plaintiff has sought to depose Mr. Fountain, but Defendant has declined to provide a date, leaving Plaintiff unable to probe these claims. Defendant cannot withhold a critical witness—but then rely on his affidavit to block critical discovery.

  5.  **Defendant's Own Declaration Confirms the Records Are Critical**: Mr. Fountain admits that at least 152 individuals on the National Do Not Call Registry received two or more calls or texts during the relevant period, and acknowledges there may be more. This underscores—not diminishes—the need for production: Plaintiff can test typicality, predominance, and damages across the putative class.

  6.  Defendant's opposition relies on recycled bifurcation arguments the Court already rejected, unsupported burden claims, and admissions that only highlight why production is essential. Plaintiff respectfully requests that the Court grant his Motion to Compel and order

Defendant to produce outbound call and text records responsive to Request for Production No. 16 within 14 days.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Compel in full.

Date: September 11, 2025

Respectfully submitted,

*/s/ Cassandra P. Miller*
Cassandra P. Miller (*pro hac vice*)
Alex Phillips
Samuel J. Strauss (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
aphillips@straussborrelli.com
sam@straussborrelli.com
cmiller@straussborrelli.com

Anthony Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
T: (617) 485-0018
F: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff and Proposed Class*