IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEVIN BACHHUBER,
on behalf of himself and
others similarly situated,

      Plaintiff,

v.

ALPINE FUNDING PARTNERS, LLC,

      Defendant.

3:24-cv-00907-wmc-amb

**DEFENDANT ALPINE FUNDING PARTNERS, LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND CLASS CERTIFICATION BRIEFING DEADLINES**

**INTRODUCTION**

The present motion (the "Motion") by Plaintiff Kevin Bachhuber ("Bachhuber"), seeking to extend Bachhuber's deadline to move for class certification in this putative class action under the Telephone Consumer Protection Act ("TCPA," 47 U.S.C. § 227) against Defendant Alpine Funding Partners, LLC ("Alpine"), should be denied because Bachhuber fails to show good cause for the relief sought. Nowhere does Bachhuber attempt to explain why he elected not to file a motion to compel for four months after Alpine served its objections to a discovery request that he now claims is "critical" to his proposed class certification motion. (ECF No. 34 at 2.) Nor does he attempt to explain why he waited to file a motion for extension of the class certification motion deadline until two days before that deadline was to expire.

Bachhuber has failed to heed this Court's clear order that a party who fails to promptly seek relief from the Court where judicial intervention on a discovery issue is required "may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the

deadlines set in [the Pre-Trial Conference Order]." (ECF No. 15 at 4.) He has, however, otherwise been busy, filing several other TCPA lawsuits in this district during this period. As demonstrated below, lacking the requisite good cause, Bachhuber spends most of his motion rehashing the purported merits of his and Alpine's motions to compel, yet neither motion is at issue here nor explains why he failed to heed the Court's Order.

## FACTUAL BACKGROUND

Bachhuber alleges that he received two marketing texts from Alpine in May 2022 and one in October 2024. (ECF No. 1 ¶¶ 21-31.) On this basis, he seeks relief under the TCPA and to represent a class of similarly-situated persons. (*Id.* ¶¶ 34-56.) He defines the class as:

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

(*Id.* ¶ 34.) He alleged that factual grounds existed to conclude that each of the requirements of Rule 23 of the Federal Rules of Civil Procedure for class certification could be met; this included an allegation that the putative class members "number in the thousands." (*Id.* ¶ 38.)

Alpine answered and the Court entered a Preliminary Pretrial Conference Order on March 26, 2025 (ECF No. 15). The Order required Bachhuber to move for class certification no later than September 12, 2025. (*Id.* at 2.) The Order further provided that the "court also expects the parties to file discovery motions promptly if self-help fails," and that "[p]arties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order." (*Id.* at 4.)

Alpine responded to Bachhuber's first set of discovery requests on April 25, 2025. (ECF No. 29-1 at 19.) Those requests included an item, Request 16, in which Bachhuber sought all of Alpine's outgoing marketing calls and texts for the four years preceding the inception of the

2

lawsuit. (*Id.* at 18.) Alpine declined to produce such documents on the ground that, among other things, the request was overly broad and vastly exceeded the allegations in the Complaint. (*Id.*) The parties conferred but were unable to agree on this item. On August 25, 2025, four months after receiving Alpine's responses, Bachhuber made a motion to compel, which Alpine opposed on September 2, 2025. (ECF No. 29-31.)

Bachhuber first broached the possibility of an application to the Court to alter the class certification deadline in a call between counsel on September 9, 2025 (*i.e.*, three days before the deadline was to expire), and, on the same day, Alpine stated that it did not consent to such an extension.

**ARGUMENT**

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted).

Bachhuber has failed to establish good cause for the extension sought in this motion, because he has failed to establish that he has acted with the necessary diligence to date.[1] He contends that he needs more time to move for class certification because he has not received documents he claims are necessary for such a motion, documents that he is now seeking by a motion to compel filed in August 25, 2025. But Bachhuber has had Alpine's response to the

---

[1] Although not diligent in discovery in this action, Bachhuber has been diligent in commencing other putative TCPA class actions in this district since he filed the Complaint in this action. He has now commenced five other such actions: *Bachhuber v. Sienna Marketing & Consulting, Inc.* (Case No. 3:25-cv-00010-jdp); *Bachhuber v. Jaydee Ventures, LLC* (Case No. 3:25-cv-00028); *Bachhuber v. Millennium Funding Source LLC* (Case No. 3:25-cv-00423-wmc); *Bachhuber v. Page Operations LLC* (Case No. 3:25-cv-00648-wmc); and *Bachhuber v. Venture Debt.LLC* (Case No. 3:25-00651); *Bachhuber v. Deal Struck LLC* (Case No. 3:25-cv-00660-wmc).

3

disputed request for production since April 25, 2025. (ECF No. 29-1.) As noted above, the Preliminary Pretrial Conference Order expressly provides that the Court expects parties unable to resolve discovery disputes to make discovery motions "promptly," and that "[p]arties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order." (ECF No. 15 at 4.) Bachhuber does not explain why he did not move to compel months earlier if the documents in his disputed Request 16 truly are indispensable.

Bachhuber attempts to excuse his own lack of diligence by pointing out that Alpine has made its own motion to compel production of certain documents, which has led to ongoing meet-and-confer calls regarding productions Bachhuber has begun making to try to moot out Alpine's motion. (ECF No. 34 at 2 ¶ 2, *id.* at 3 ¶ 10.) The discussions regarding Alpine's motion are irrelevant, however, as the two motions are unrelated.

Bachhuber also rehashes here arguments made in his motion to compel to the effect that lists of call recipients are "the only means by which Plaintiff can establish numerosity, commonality, typicality, predominance, and classwide damages." (ECF No. 34 at 2.) Even assuming that were correct, which it is not, it would not explain his delay in bringing the present motion. Nor does Bachhuber address the fact that there are other ways (notably by serving targeted interrogatories) that he could have obtained the necessary information without requiring Alpine to review over four million records and disclose, before a class is certified, the contact information for hundreds of thousands, if not millions, of customers. Indeed, Alpine has disclosed the number (152) of persons on the "do not call" list who received messages from Alpine during the putative class period. That information was available from the beginning if Bachhuber had sought it with an appropriate interrogatory, instead of relying on the extremely onerous Request 16 that is the

4

subject of his motion to compel. The conclusory assertions in Bachhuber's brief come nowhere near showing that he actually does not have the information he needs to make his motion for class certification, much less that he lacks that information despite reasonable diligence in trying to obtain it.

While not relevant to this motion, Alpine briefly addresses Bachhuber's assertions about the discovery he seeks. The cases Bachhuber cites at most show that courts have sometimes ordered production of call lists because they are one way a class action plaintiff might obtain information relevant to class certification (particularly, to establishing numerosity), especially if the defendant does not demonstrate burden—not that disclosure of an enormous amount of data, of the kind at issue on the motion to compel, is the only way to obtain such information. For instance, in *Cahill v. GC Services Limited Partnership*, 2018 WL 1791910, at *4-5 (S.D. Cal. Apr. 16, 2018), which involved allegations of improper auto-dialed calls, the court ordered production of pre-existing lists, there was no evidence that such a production would be burdensome in that case, and there evidently also was no suggestion of less burdensome means to afford the plaintiff the information it needed. Similarly, in *Frey v. Frontier Utilities Northeast LLC*, 2020 U.S. Dist. Lexis 260620, at *5-6 n.1 (E.D. Pa. Apr. 13, 2020), the production of the call lists at issue was not burdensome since all the defendant had to do was remove redactions from a document it had already produced.[2] Thus, Bachhuber's attempt to relitigate his motion to compel on this motion is inappropriate because the cases he cites do not address the issue on this motion and are otherwise

---

[2] Bachhuber's other cases are also not informative. *See Fralish v. Digital Media Solutions, Inc.*, 2021 WL 5370104, at *10 (N.D. Ind. Nov. 17, 2021) (defendant made only conclusory assertions of burden); *Mbazomo v. Etourandtravel, Inc.*, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (same); *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, 2013 WL 5348377, at *4 (N.D. Ill. Sept. 24, 2013) (same).

5

inapposite. Alpine respectfully refers the Court to its opposition (ECF No. 30) to Bachhuber's motion for a more complete response to his assertions.

In sum, Bachhuber's motion to extend the deadline for his class certification motion should be denied because he has not made the necessary showing of good cause.

## CONCLUSION

Bachhuber's motion to extend class certification briefing should be denied.

DATED this 17th day of September, 2025.

                                                  PROSKAUER ROSE LLP

                                                  */s/ David A. Picon*
                                                  David A. Picon
                                                  Matthew J. Morris
                                                  11 Times Square
                                                  New York, New York 10036
                                                  212.969.3974
                                                  dpicon@proskauer.com
                                                  mmorris@proskauer.com

                                                  Alan S. Teran
                                                  2255 Glades Road
                                                  Suite 421 Atrium
                                                  Boca Raton, FL 33431
                                                  561.995.4723
                                                  ateran@proskauer.com

                                                  STAFFORD ROSENBAUM LLP

                                                  Laura Callan
                                                  222 West Washington Avenue, Suite 900
                                                  P.O. Box 1784
                                                  Madison, WI 53701-1784
                                                  608.256.0226
                                                  lcallan@staffordlaw.com

                                                  *Attorneys for Defendant*