IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN BACHHUBER,<br>on behalf of himself and<br>others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>ALPINE FUNDING PARTNERS, LLC,<br><br>      Defendant. | 3:24-cv-00907-wmc-amb |

**DEFENDANT ALPINE FUNDING PARTNERS, LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY BRIEF**

**INTRODUCTION**

The motion (the "Motion," ECF No. 35) by Plaintiff Kevin Bachhuber ("Bachhuber"), for permission to file a reply brief in support of Bachhuber's fully-briefed motion to compel (ECF No. 29-31) against Defendant Alpine Funding Partners, LLC ("Alpine"), should be denied. Bachhuber's excuse for making the Motion is that the reply brief he proffers ostensibly addresses "new" arguments Alpine supposedly made in its brief opposing the Motion. Yet Bachhuber never identifies what those "new" arguments were. This means the Motion is perfunctory and undeveloped, and the Court may disregard it. *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006) (perfunctory and undeveloped arguments are waived).

Moreover, each of the arguments Bachhuber makes in his proposed reply brief is in fact a rehash of arguments he made in his opening brief. For instance, he repeatedly contends in his proposed reply brief that Alpine is trying to "bifurcate" discovery. (ECF No. 35-1 at 1, 2.) That was exactly his mantra in his opening brief. (ECF No. 29 at 4, 12, 14.) If the purpose of

Bachhuber's reply brief were to address something really "new" that Alpine had said, he would not be repeating himself to respond to it.

Because there is no need for a reply brief, Alpine will not further burden the Court with additional argumentation responding to it. Alpine does take exception, however, to the claim that Alpine somehow "declined to provide a date" for Bachhuber to depose Michael Fountain of Alpine. (ECF No. 35-1 at 3 ¶ 4.) Bachhuber never noticed the deposition and, aside from a passing reference to scheduling the deposition in an email in May, 2025, did not otherwise press to fix a date. Alpine has refused nothing, and now that Bachhuber has re-opened the discussion of scheduling, Alpine is cooperating with counsel to identify the first mutually-convenient date. None of this, however, has any bearing on the ostensible reasons Bachhuber has given to justify filing a reply, or the arguments made in the proposed reply.

DATED this 18th day of September, 2025.

>PROSKAUER ROSE LLP
>
>/s/   David A. Picon
>David A. Picon
>Matthew J. Morris
>11 Times Square
>New York, New York 10036
>212.969.3974
>dpicon@proskauer.com
>mmorris@proskauer.com
>
>Alan S. Teran
>2255 Glades Road
>Suite 421 Atrium
>Boca Raton, FL 33431
>561.995.4723
>ateran@proskauer.com
>
>STAFFORD ROSENBAUM LLP
>
>Laura Callan
>222 West Washington Avenue, Suite 900

P.O. Box 1784
Madison, WI 53701-1784
608.256.0226
lcallan@staffordlaw.com

*Attorneys for Defendant*

3