# — EXHIBIT 1 —

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN BACHHUBER, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ALPINE FUNDING PARTNERS, LLC,<br><br>        Defendant. | Case No. 3:24-cv-00907-amb |

**PLAINTIFF BACHHUBER'S RESPONSES TO ALPINE FUNDING PARTNERS, LLC'S INTERROGATORIES**

Plaintiff Kevin Bachhuber hereby responds to Defendant Alpine Funding Partners, LLC's ("Defendant" or "Alpine Funding") Interrogatories as follows:

**DEFENDANT'S INSTRUCTIONS**

1.  Pursuant to Fed. R. Civ. P. 33, submit your answers to the interrogatories herein in writing and under oath to the undersigned counsel within 30 days of the date of service on you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives or by any of your attorneys. For each interrogatory, please identify all persons who provided information used in answering it.

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99

2. These interrogatories are continuing in nature. In accordance with Fed. R. Civ. P. 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

3. These interrogatories pertain to the period from December 23, 2020 through December 23, 2024 inclusive.

### DEFENDANT'S DEFINITIONS

The following terms shall have the following meanings, even when not capitalized or bolded:

1. **"Communication"** includes all forms of correspondence, including, but not limited to, letters, emails, voicemails, text messages, instant messages, or social media messages.

2. **"Defendant"** means the Alpine Funding Partners, LLC.

3. **"Describe"** means to identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results of the thing, action, communication or event inquired about.

4. **"Document"** means any writing as defined in Fed. R. Civ. P. 34(a)(1)(A), however produced, reproduced, archived or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all ESI.

5. **"Identify"** (when used in reference to a document) means to state the date of preparation of the document, its author, the sender (if any), the recipient (if any), the nature of the document (*e.g.*, letter, memorandum or tape) and other means of identification sufficient to specify the document for purposes of a request for production, and to further state its present location and

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99

custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it and give the name, address and telephone number of the person presently having possession, custody or control of the document.

6. **"Identify"** (when used in reference to an natural person) means to state that person's full name, title, business address, telephone number, email address, occupation and employer, along with a statement of whether that person is represented by your counsel in this litigation.

7. **"Identify"** (when used in reference to an entity) means to state the entity's full name, address, telephone number, state of incorporation or organization and web address. Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in the relevant classification or category, and the request for the identity of an entity includes all affiliated entities.

8. **"Person"** means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

9. **"Plaintiff"** means the Plaintiff in this lawsuit.

10. **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

11. **"You"** means the Person to whom these requests are propounded.

12. The **"Relevant Period"** means the period from December 23, 2020 through December 23, 2024 inclusive

### Plaintiff's General Objections to Defendant's Instructions and Definitions

Plaintiff objects to Defendant's Instructions and Definitions to the extent they:

1. **Impose Obligations Beyond the Federal Rules**: Plaintiff objects to Defendant's Instructions and Definitions to the extent they purport to impose duties, obligations, or

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99

requirements beyond those set forth in the Federal Rules of Civil Procedure, including but not limited to the obligations to identify all persons involved in providing information used in answering each interrogatory or to provide narrative responses in excess of what is required by Rule 33.

2. **Overly Broad or Unduly Burdensome Definitions**: Plaintiff objects to the Definitions, including but not limited to the definitions of "Communication," "Document," "Identify," and "Person," to the extent they are vague, overly broad, unduly burdensome, or seek information not relevant to any claim or defense and not proportional to the needs of the case. Plaintiff further objects to these definitions to the extent they extend to documents or information outside of Plaintiff's possession, custody, or control.

3. **Continuing Duty to Supplement**: Plaintiff objects to Instruction No. 2 to the extent it suggests a continuing duty to supplement beyond that required by Federal Rule of Civil Procedure 26(e).

4. **Possession, Custody, or Control**: Plaintiff objects to the Instructions and Definitions to the extent they seek to impose an obligation to obtain or produce information not within Plaintiff's possession, custody, or control.

5. **Time Period Scope**: Plaintiff objects to the definition of the "Relevant Period" as overly broad and unduly burdensome to the extent it seeks information unrelated to the claims or defenses at issue. Plaintiff will respond based on a reasonable interpretation of relevance and proportionality.

Subject to these General Objections, Plaintiff will respond to the Interrogatories to the extent required by the Federal Rules of Civil Procedure and reserves all objections to specific Interrogatories as appropriate.

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99

## INTERROGATORIES

1.  Identify all telephone numbers you have used as your residential number during the Relevant Period, and, for each such telephone number, the dates you used them, and whether they were for cell phones or land lines.

**RESPONSE:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes four discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to four separate Interrogatories. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks all telephone numbers used by Plaintiff, when Plaintiff's allegations are confined to a single telephone number. Additionally, the Interrogatory is overbroad in that it seeks information dating back from December 23, 2020, to present, although the events relating to the subject matter of this litigation occurred in May 2022 and October 2024. Plaintiff further objects to the request because it calls for a legal conclusion between what constitutes a residential line under the relevant consumer protection laws. *See* Fed. R. Civ. Pro. 33(a)(2).

Subject to and without waiving such objections, Plaintiff's current cellular telephone number is (608) 345-4567, and his current cellular service provider Mint and has been for approximately one year. Before that, Plaintiff's cellular service provider was Verizon. He has used this number as his residential number during the entirety of the Relevant Period for personal, residential, and household reasons.

2.  Identify all residences at which you resided during the Relevant Period and the dates of your residence at each.

**RESPONSE:** Plaintiff objects to this Interrogatory on the ground that it is presented as

one Interrogatory, yet it includes two discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to two separate Interrogatories. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Specifically, it seeks all residences Plaintiff has resided at, when Plaintiff's residence is not relevant to his allegations, which are confined to a single telephone number. Additionally, the Interrogatory is overbroad in that it seeks information dating back from December 23, 2020, to present, although the events relating to the subject matter of this litigation occurred in May 2022 and October 2024.

Subject to and without waiving such objections, Plaintiff states that other than short term addresses for work, Plaintiff has resided at the following addresses:

- 7528 E Hampstead Ct, Middleton, WI 53562.
- 21 Corry St, Madison, WI 53704 (Current address)

3.  Identify all businesses or other entities for which you work(ed), or which you own(ed) or control(led), and on behalf of which you have made or received telephonic communications, during the Relevant Period.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case, as required by Federal Rule Civil Procedure 26(b)(1). Specifically, it seeks information regarding his employment history, which is not relevant to Plaintiff's claims. Furthermore, this Interrogatory seeks information dating back from December 23, 2020, to present, although the events relating to the subject matter of this litigation occurred in May 2022 and October 2024.

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99

Subject to and without waiving these objections, Plaintiff states that during the Relevant Period, he used the following phone numbers for the following businesses:

- **Bachhuber Consulting LLC (2016–2023)** – Business calls and texts made via Google Voice at (608) 512-▮▮▮▮ (VOIP);
- **Madison Cricket Farm (2021–2023)** – Business calls and texts made via Google Voice at (608) 501-▮▮▮▮ (VOIP).

4. For each business or other entity identified in response to interrogatory number 3, above, identify all telephone numbers used by such business or other entity and, for each such telephone number, whether it was a cell phone or a land line.

**RESPONSE:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes two discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to two separate Interrogatories. Plaintiff objects to this Interrogatory as duplicative, as the definition of "Identify" (when used in reference to an entity) means to state the entity's full name, address, telephone number, state of incorporation or organization and web address. Plaintiff objects to this Interrogatory on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case, as required by Federal Rule Civil Procedure 26(b)(1). Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, particularly to the extent it seeks information regarding telephone numbers used by the entire business or entity, as opposed to Plaintiff individually. Plaintiff further objects to this Interrogatory to the extent it seeks information outside of Plaintiff's knowledge, possession, custody, or control. Plaintiff also objects to the extent the Interrogatory seeks discovery of information that is not limited to telephonic communications made or received by Plaintiff.

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99

Specifically, it seeks information regarding business phone numbers, which are not at issue in this action. Furthermore, this Interrogatory seeks information dating back from December 23, 2020, to present, although the events relating to the subject matter of this litigation occurred in May 2022 and October 2024.

Subject to and without waiving these objections, Plaintiff refers to his response to Interrogatory No. 3. Plaintiff lacks personal knowledge and cannot state with certainty any other telephone numbers used by these businesses or by other employees or owners of these businesses for calls or texts made or received.

5. For each business or other entity identified in response to interrogatory number 3, above, identify all telephone service providers and internet service providers used by such business or entity.

**RESPONSE:** Plaintiff objects to this Interrogatory on the ground that it is presented as one Interrogatory, yet it includes two discrete subparts. *See* Fed. R. Civ. P. 33(a)(1). Accordingly, Plaintiff considers this a response to two separate Interrogatories. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1), particularly to the extent it seeks information regarding all service providers used by the entire business or entity, as opposed to Plaintiff individually. Plaintiff further objects to this Interrogatory to the extent it seeks information outside of Plaintiff's knowledge, possession, custody, or control. Plaintiff also objects to the extent the Interrogatory seeks information that is not limited to telephonic or internet communications made or received by Plaintiff and it seeks information related to telephone service providers and internet service providers for a business phone number, which are not at issue in this action. Furthermore, this Interrogatory seeks information dating back from December 23, 2020, to

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99

present, although the events relating to the subject matter of this litigation occurred in May 2022 and October 2024.

Subject to and without waiving these objections, Plaintiff refers to his response to Interrogatory No. 3 and states that, Plaintiff does not have personal knowledge sufficient to identify with certainty any other telephone or internet service providers used by these businesses or by other employees or owners of these businesses.

6. For each business or other entity identified in response to interrogatory number 3, above, identify all past or present employees of such business or entity.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Plaintiff further objects to this Interrogatory to the extent it seeks information outside of Plaintiff's personal knowledge, possession, custody, or control, including information about all past or present employees of the identified businesses. Plaintiff also objects to this Interrogatory as seeking information not limited to individuals involved in or relevant to the telephonic communications at issue in this case. Plaintiff further objects to this Interrogatory on the grounds that it seeks personal information of third parties who have no stake in this litigation and that is not relevant or proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). Indeed, the request is harassing and seeks to invade the privacy of third parties without seeking any information that would relate to the subject matter of this litigation.

Given the burden imposed and the breach of privacy contemplated, Plaintiff will not be responding further to this request.

7. Identify all Persons with knowledge about the matters alleged in the Complaint.

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99

**RESPONSE:** Plaintiff objects to this Interrogatory to the extent it prematurely seeks to require Plaintiff to identify all persons who may have discoverable information before discovery has been completed. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information not limited to relevant claims or defenses. Plaintiff also objects to the extent this Interrogatory seeks information outside of Plaintiff's current knowledge, possession, custody, or control. Plaintiff further objects to this Interrogatory to the extent it seeks the contents of communications between Plaintiff and his counsel, and thus seeks material protected from disclosure by the attorney-client privilege. *See* Fed. R. Civ. P. 26(b)(5). Plaintiff further objects to this Interrogatory to the extent it seeks disclosure of information protected by the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3).

Subject to and without waiving such objections, Plaintiff identifies the following individuals based on his current knowledge:

| NAME | CONTACT INFORMATION | SUBJECT OF KNOWLEDGE |
|---|---|---|
| Kevin Bachhuber | Contact through Plaintiff's counsel | Mr. Bachhuber has knowledge of the facts and circumstances surrounding communications from or on behalf of Defendant, including the receipt of calls. |
| As yet unidentified employees or vendors of Defendant | Contact through Defendant's counsel | Defendant's policies and procedures for initiating calls through third parties, making its own telemarketing calls and training employees; selection, compensation, and retention of outside vendors and/or agents; number of telemarketing calls made; policies and procedures for complying with the TCPA; presence, absence, and/or formation of policies to comply with the TCPA. |

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99

| All other persons identified by Defendant | To be determined | Unknown at this time. |

Plaintiff reserves the right to supplement this response as discovery progresses.

8.      Identify all Communications you have had with Defendant or any Person acting on behalf of Defendant.

**RESPONSE:** Plaintiff objects to the request as overly broad, unduly burdensome, including to the extent it seeks all communications without regard to subject matter, time period, or relevance to the claims or defenses in this action. Plaintiff further objects to this Interrogatory to the extent it seeks information outside of Plaintiff's knowledge, possession, custody, or control and on grounds that much of the information the request ultimately targets is in Defendant's possession and available from another source. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Indeed, the Defendant is in possession of the phone records that would provide dates and the phone numbers that sent the text messages. Plaintiff also objects to the extent the Interrogatory seeks to require Plaintiff to recall or document all communications that may have occurred over an extended period, particularly those unrelated to the claims at issue in this case.

Subject to and without waiving such objections, Plaintiff received multiple text messages from or on behalf of Defendant on May 11, 2022. The text messages came from the number (414) 420-9XXX. Plaintiff received a text message from or on behalf of Defendant on October 1, 2024. The text message came from (305) 990-2414. Called some lenders – doesn't specifically remember alpine.

11

Dated: May 16, 2025					By: */s/ Cassandra P. Miller*
						Cassandra P. Miller (*pro hac vice*)
						Alex Phillips
						STRAUSS BORRELLI PLLC
						One Magnificent Mile
						980 N Michigan Avenue, Suite 1610
						Chicago IL, 60611
						Telephone: (872) 263-1100
						Facsimile: (872) 263-1109
						cmiller@straussborrelli.com
						aphillips@straussborrelli.com

						Anthony Paronich
						PARONICH LAW, P.C.
						350 Lincoln St., Suite 2400
						Hingham, MA 02043
						Telephone: (617) 485-0018
						Facsimile: 508-318-8100
						anthony@paronichlaw.com

						*Attorneys for Plaintiff and the Proposed Class*

12

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, hereby certify that on May 16, 2025, I caused the foregoing to be transmitted by email to the following:

>Alan Salvador Teran
>PROSKAUER ROSE LLP
>2255 Glades Road, Suite 421 Atrium
>Boca Raton, FL 33431
>Telephone: (561) 995-4723
>Facsimile: 561-241-7145
>ateran@proskauer.com
>
>David A Picon
>Matthew J. Morris
>PROSKAUER ROSE LLP
>11 Times Square
>New York, NY 10036
>Telephone: (212) 969-3000
>dpicon@proskauer.com
>mmorris@proskauer.com
>
>Douglas Maynard Poland
>STAFFORD ROSENBAUM LLP
>222 West Washington Ave, Suite 900
>P.O. Box 1784
>Madison, WI 53701
>Telephone: (608) 256-0226
>Facsimile: (608) 259-2600
>dpoland@staffordlaw.com

DATED this 16th day of May, 2025.

>STRAUSS BORRELLI PLLC
>
>By: /s/ *Cassandra P. Miller*
>Cassandra P. Miller (pro hac vice)
>STRAUSS BORRELLI PLLC
>One Magnificent Mile
>980 N Michigan Avenue, Suite 1610
>Chicago IL, 60611
>Telephone: (872) 263-1100
>Facsimile: (872) 263-1109
>cmiller@straussborrelli.com

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99

## VERIFICATION

I, Kevin Bachhuber, state that I am the Plaintiff in this matter; I have read the within and foregoing Responses to Alpine Funding Partners, LLC's Interrogatories, know the contents thereof, and believe the same to be true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
Kevin Bachhuber

Doc ID: e88c25a845139b2cd84153b84e6e3a9b3f65ce99