# — **EXHIBIT 11** —

| | |
|---|---|
| **From:** | Cassandra Miller |
| **To:** | Morris, Matthew J.; Caralina Casperson |
| **Cc:** | Anthony Paronich; TCPA Team; Picon, David A.; Teran, Alan S.; Laura Callan |
| **Subject:** | RE: Bachhuber v. Alpine Funding Partners, LLC - Request for Meet and Confer Pursuant to Rule 37 (Confirmation) |
| **Date:** | Tuesday, September 9, 2025 1:41:04 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png |

Matt,

I write to follow up on our Rule 37 call earlier today and to confirm the issues we discussed:

**1. WhatsApp Authorization**: Regarding Defendant's request that Mr. Bachhuber sign an authorization for WhatsApp records: as drafted, the authorization is overbroad in both scope and substance. It seeks four years of all WhatsApp metadata, even though Plaintiff's WhatsApp account is used almost entirely for personal communications, with only very limited business use during discrete time periods when Mr. Bachhuber was traveling abroad.

To avoid unnecessary motion practice, Plaintiff proposed several reasonable alternatives that balance your request with Plaintiff's privacy interests and Rule 26 proportionality:

1. **Affidavit Option** – Plaintiff would sign an affidavit identifying the limited time periods when WhatsApp may or could have been used for business purposes, including dates when the WhatsApp phone number appeared in his signature line. Any authorization would then be confined to those periods.

2. **Logs-Only Option** – Authorization would expressly exclude message content, limiting production to metadata such as date, time, and sender/recipient phone number.

3. **Attorney Review Option** – Any records produced by Meta would be returnable to Plaintiff's counsel first, allowing us to review and produce relevant business-related communications while protecting personal or third-party communications.

As written, the authorization risks sweeping in years of irrelevant personal data and raises third-party privacy concerns. Plaintiff remains willing to cooperate and work with you to craft a properly tailored authorization. You indicated you would consider these options and confirm your position by **tomorrow, September 10**.

**2. Motion to Stay Pending Ruling on Plaintiff's Motion to Compel:** We also discussed the upcoming September 12, 2025 deadline for Plaintiff's motion for class certification. Plaintiff's motion to compel certain class information remains pending, and that information is necessary to fully prepare and support Plaintiff's class certification

arguments.

Accordingly, Plaintiff intends to seek a stay of the class certification deadline and any related triggering deadlines pending the Court's ruling on the motion to compel. Plaintiff would propose filing the motion for class certification within 21 days of the Court's ruling, with all related deadlines adjusted accordingly.

I requested Defendant's position on whether this request would be unopposed. You indicated you would **confirm today** whether Defendant will oppose the request or whether we may indicate that the motion is unopposed.

Please let me know if any of this does not accurately reflect our discussion, and/or your intended time frame for responding to these issues.

Thanks,
Cassandra



**Cassandra Miller** *She/Her*
Partner

980 N Michigan Ave., Suite 1610, Chicago, IL 60611
**P**: 872.263.1100      **F**: 872.263.1109
**E**: cmiller@straussborrelli.com

straussborrelli.com

The information contained in this message is confidential and intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this message and then deleting this message from your computer.

**From:** Cassandra Miller <cmiller@straussborrelli.com>
**Sent:** Thursday, September 4, 2025 4:51 PM
**To:** Morris, Matthew J. <MMorris@proskauer.com>; Caralina Casperson <ccasperson@straussborrelli.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; TCPA Team <TCPA@straussborrelli.com>; Picon, David A. <DPicon@proskauer.com>; Teran, Alan S. <ATeran@proskauer.com>; Laura Callan <lcallan@staffordlaw.com>
**Subject:** RE: Bachhuber v. Alpine Funding Partners, LLC - Request for Meet and Confer Pursuant to Rule 37

Matt- Are you available next week to discuss this? I have some concerns about the scope of the authorization. I am available Monday after 4pm CT or Tuesday after 1pm CT. Let me know what works best for you.

Thanks,
Cassandra